UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 26-597(DSD/LIB)

Jose V.,

        Petitioner,

v.

**ORDER**

David Easterwood, Acting
Director, St. Paul Field
Office, Immigration and Customs
Enforcement; Jose D. Garcia,
Field Office Director, El Paso
Field Office, U.S. Immigration
and Customs Enforcement; Todd
M. Lyons, Acting Director of
Immigration and Customs
Enforcement; and David
Easterwood, Acting Director,
St. Paul Field Office,
Immigration and Customs
Enforcement; Kristi Noem, U.S.
Department of Homeland
Security; U.S. Department of
Homeland Security; U.S.
Immigration and Customs
Enforcement; and Pamela Bondi,
Attorney General;

        Respondents.

     This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition.

     Petitioner Jose V. is a citizen of Guatemala. Pet. ¶ 6. Jose entered the United States on October 4, 2023, and has been living in Minnesota since then. Id. ¶ 2. Upon entry, he was detained at the border and was released with a notice to appear for ordinary

removal proceedings under 8 U.S.C. § 1229.  Id.  Jose applied for asylum within one year of entry.  Id. ¶ 3.  He was granted a work authorization in June 2025.  Id.

On January 6, 2026, respondents arrested and detained Jose. Id. ¶ 4.  He has been moved twice since his arrest, first to Texas and then to New Mexico.  Id. ¶ 9.

On January 23, 2026, Jose filed the instant petition under 28 U.S.C. § 2241, challenging his detention and requesting immediate release or an expedited bond hearing.  The narrow issue presented is whether Jose is subject to 8 U.S.C. § 1225(b)(2), which mandates detention, or 8 U.S.C. § 1226, which is discretionary with respect to detention pending a bond hearing.  Jose argues that respondents have erroneously classified him as falling under § 1225(b)(2), which violates his Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations, the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), and the Fourth Amendment.  Id. ¶¶ 28-.

The issue presented has been ruled on by many judges in this district and beyond.  The great weight of authority persuasively holds that Jose and others in his circumstances have been improperly detained under § 1225(b)(2) and should be allowed the processes available under § 1226.  See Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) (collecting cases).

2

Indeed, courts have overwhelmingly ruled that § 1225(b)(2) applies to applicants "seeking admission," and that § 1226 applies to "aliens already in the country." See id. The court agrees with such authority and will follow suit without additional discussion. The court is not persuaded that Jose's asylum application should yield a different result. See Yessenia S.T. v. Bondi, No. 26-cv-30, 2026 WL 102407 (D. Minn. Jan. 14, 2026).

Respondents argue that the court lacks jurisdiction to hear this matter because Jose is not being detained in Minnesota. They seek dismissal or transfer of the case to the district of his detention.[1] The court disagrees with respondents. Jose has lived here for over two years, was arrested here, and was initially detained here. As has been held in this district, venue remains proper in Minnesota under these circumstances. See Jose A. v. Noem, No. 26-cv-480, 2026 WL 172524 (D. Minn. Jan. 22, 2026); Sue H. v. Trump, No. 26-cv-416, ECF NO. 3, at 2 (D. Minn. Jan. 20, 2026).

The issue of Jose's location raises another issue. In its order to show cause dated January 25, 2026, ECF No. 5, the court ordered respondents to immediately return Jose to Minnesota. Id. at 2-3. By all accounts, they have failed to do so. As a result,

---

[1] There is confusion as to where Jose is located. His counsel represents that Jose is in New Mexico while respondents contend that he is in Texas.

3

the court orders respondents to show cause why they should not be held in contempt for violating the court's January 25, 2026, order.

Accordingly, **IT IS HEREBY ORDERED that t**he petition for writ of habeas corpus [ECF No. 1] is granted as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, under the discretionary provisions of 8 U.S.C. § 1226;

2. Respondents shall provide petitioner a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A) within seven days of the date of this order;

3. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, petitioner must be immediately released from detention;

4. If petitioner is still located outside the District of Minnesota, respondents shall return him here within 24 hours of the issuance of this order; and

5. Respondents are ordered to show cause why they should not be held in contempt for violating the court's January 25, 2026, order.  Respondents shall file a brief directed to this issue by January 30, 2026.

Dated: January 28, 2026     /s David S. Doty
                            David S. Doty, Judge
                            United Stated District Court

4